UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) ) | |
| MPAC HOME IMPROVEMENT AND CONSTRUCTION, LLC | ) ) ) | Chapter 7 Case No. 19-41940-CJP |
| Debtor | ) ) ) | |

ORDER ON MOTION TO FILE A LATE PROOF OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3002(C)(6)

Upon consideration of the Motion to File a Late Proof of Claim Pursuant to Fed. R. Bankr. P. 3002(c)(6) (Dkt. No. 91) (the "Motion") filed by Malcolm Sim, Mandy Sim, Jacqueline Sekelsky, and Danny Sekelsky (collectively, the "Sim/Sekelsky Creditors"), the Opposition filed by Manpreet Nehra and Sanjiv Nehra (together, the "Nehra Creditors") (Dkt. No. 96) (the "Nehra Opposition"), the Objection filed by James LaPlante and Deborah Race (the "LaPlante/Race Creditors") (Dkt. No. 97) (the "LaPlante/Race Objection"), the Supplemental Opposition filed by the Nehra Creditors (Dkt. No. 103), the Supplemental Objection of the LaPlante/Race Creditors (Dkt. No. 104) accompanied by a Supplemental Memorandum and supporting documents (Dkt. No. 105), the affidavits and other exhibits filed therewith, and the arguments of counsel at a hearing held on the Motion, and no party having requested an evidentiary hearing after having been provided an opportunity to do so, the Court grants the Motion, as construed,[1] in part for the following reasons.

---

[1] The Court construes the Motion as a request that the Court enter an order extending the bar date pursuant to Rule 3002(c)(6)(A) or, alternatively, that the Court determine that, when filed and if allowed, the claim of the Sim/Sekelsky Creditors receive distributions in this case on the same priority as timely filed general unsecured claims pursuant to § 726(a)(2)(C). Although § 726(a)(2)(C) was not cited in the

1

**Background**

MPAC Home Improvement & Construction LLC d/b/a Sudbury Home Improvement (the "Debtor") filed its Chapter 7 petition on December 14, 2019, and the deadline for non-governmental creditors to file proofs of claim was February 24, 2020. On September 29, 2018, well prior to the petition date, the Sim/Sekelsky Creditors had served a demand letter on the Debtor pursuant to M.G.L. ch. 93A, and the parties engaged in settlement discussions. *See* Aff. of Peter G. Calabrese, Esq. ("1st Calabrese Aff.") ¶¶ 2, Dkt. No. 91. On March 18, 2020, purportedly because the settlement discussions failed, the Sim/Sekelsky Creditors filed a Construction Arbitration with the American Arbitration Association. *See id.* at ¶¶ 2, 3. The Sim/Sekelsky Creditors did not receive notice of the bankruptcy case until March 24, 2020 in connection with the arbitration proceeding. *See* Aff. of Peter G. Calabrese, Esq. ("2nd Calabrese Aff.") ¶¶ 11, 13, Dkt. No. 105; Aff. of Danny Sekelsky ¶ 12, Dkt. No. 105; Aff. of Jacqueline Sekelsky ¶ 12, Dkt. No. 105; Aff. of Mandy Sim ¶ 12, Dkt. No. 105; Aff. of Malcolm Sim ¶ 12, Dkt. No. 105. On July 10, 2020, the Sim/Sekelsky Creditors filed the Motion with their proposed proof of claim (the "Proposed Claim") attached as an exhibit, asserting a $317,685 general unsecured claim arising from acts and omissions relating to a construction contract on 11 Mossman Road, Sudbury, Massachusetts. *See* Mot. 2, Attach. 1; Aff. of Danny Sekelsky ¶ 2, Dkt. No. 105. The Sim/Sekelsky Creditors request that this Court extend the time to file their

---

Motion, in seeking to extend the time to file a proof of claim, the Sim/Sekelsky Creditors, in substance, sought to have their late-filed claim receive distribution in the same priority with timely filed claims in accordance with § 726(a)(2)(C). The LaPlante/Race Creditors addressed § 726(a)(2)(C) in the LaPlante/Race Objection and opposed its applicability with respect to the Motion because the Sim/Sekelsky Creditors had not established when they received notice of the bankruptcy and bar date. The LaPlante/Race Creditors also advanced arguments that appeared to be based on laches that will be addressed below.

2

Case 19-41940   Doc 176   Filed 05/03/21   Entered 05/03/21 15:10:32   Desc Main
Document      Page 3 of 10

Proposed Claim under Rule 3002(c) of the Federal Rule of Bankruptcy Procedure (the "Rules") so that their claim will not be a late claim. *See* Supp. Mem. and supporting documents 1, Dkt. No. 105.

The Nehra Creditors, who timely filed a $643,955.15 secured claim based on an arbitration award and attachment, filed an opposition to the Motion. The Nehra Creditors argue that they will be prejudiced if the Sim/Sekelsky Claim is filed and allowed because they will receive a substantially lower dividend despite having already invested significant attorney's fees to preserve their rights and enhance the value of the estate. *See* Aff. of Sanjiv Nehra ¶ 4, Dkt. No. 96; Nehra Opp'n ¶¶ 8, 9, 15-18. The LaPlante/Race Creditors, who timely filed a claim of $663,267.60, $331,358.41 of which is asserted as secured, also objected on similar grounds. *See* LaPlante/Race Obj. ¶¶ 11, 13, 14, 15. Both objecting parties argue that Rule 3002(c)(A) requires both insufficient notice to the moving creditor and an untimely filing of the creditor's matrix to for the Court to extend the time for creditors to timely file a proof of claim. They argue that because the Debtor timely filed a list of creditors, even if that list was incomplete, the Court may not grant the Sim/Sekelsky Creditors relief. *See* Nehra Opp'n ¶¶ 13-16, Dkt. No. 96; LaPlante/Race Obj. ¶¶ 13-14.

**Discussion**

Due process generally requires that a known creditor of a debtor is entitled to actual notice of a claims bar date before its claim can be extinguished. *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 296-97 (1953). The Bankruptcy Code and Rules contain provisions intended to provide due process to claimants. Pursuant to Rule 3002(c), a proof of claim in a voluntary Chapter 7 case is "timely filed not later than 70 days after the order for relief," unless one of seven enumerated exceptions apply. Fed. R. Bankr. P. 3002(c). Pursuant

3

to Rule 9006(b)(3), the Court may enlarge the time for taking action under Rule 3002(c) "only to the extent and under the conditions stated in [that rule]." *Id*. at 9006(b)(3). In relevant part, Rule 3002(c) provides:

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
>> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a) . . . .

*Id.* at 3002(c)(6)(A).

The parties disagree whether Rule 3002(c)(6)(A) is applicable in this case, where the Debtor timely filed a list of creditors, but it was incomplete as it omitted the Sim/Sekelsky Creditors, notwithstanding that the Debtor had actual notice of their claims. Some courts have determined that Rule 3002(c)(6)(A) is applicable to serve as the basis for a creditor to seek to extend time to file a claim where the debtor filed a timely list of creditors, but the list is otherwise incomplete. *See, e.g., In re Vanderpool*, 606 B.R. 425, 431 (Bankr. D. Colo. 2019) (holding that timely filing an incomplete matrix did not constitute the filing of a "full and complete" matrix, and therefore Rule 3002(c)(6)(A) permitted an extension of the bar date for an omitted creditor). Other courts have taken a more literal approach to interpreting the provision. *See, e.g., Brenner's Restoration v. Somerville (In re Somerville*, 605 B.R. 700, 706-07 (Bankr. D. Md. 2019) (discussing conflicting authority and deciding in a Chapter 13 case that the "plain meaning" of Rule 3002(c)(6)(A) meant that the timely filing of an incomplete matrix was sufficient to make that rule make inapplicable to an unlisted creditor's extension request). It is not necessary for this Court to reach whether Rule 3002(c)(6)(A) is applicable, however, because

4

§ 726(a)(2)(C) is applicable and affords similar relief to that sought by the Sim/Sekelsky Creditors. *See, e.g.,* 11 U.S.C. § 726(a)(2)(C); *In re Feldman*, 261 B.R. 568, 575 (Bankr. E.D.N.Y. 2001) (explaining "[t]he legislative purpose of [§] 726(a)(2)(C) is to permit distribution to creditors that tardily filed claims if their tardiness was due to lack of notice or knowledge of the case").

In a Chapter 7 case, a claim that is not "timely filed" is entitled to a distribution along with timely filed claims if the claim meets the requirements of § 726(a)(2)(C).[2] 11 U.S.C § 726(a)(2)(C). Section 726 provides that after payment of timely filed § 507 priority claims, property of the estate is to be distributed:

> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is–
>
> (A) timely filed under section 501(a) of this title;
>
> (B) timely filed under section 501(b) or 501(c) of this title; or
>
> (C) tardily filed under section 501(a) of this title, if–
>
> > (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
> >
> > (ii) proof of such claim is filed in time to permit payment of such claim;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection….

---

[2] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code").

5

11 U.S.C. § 726(a). For a claim filed after the bar date to be entitled to distribution in the same priority as timely filed general unsecured claims in a Chapter 7 case, the holder of that claim must establish two things: (1) it did not have notice to allow it to timely file a proof of claim and (2) the claim was filed in time to permit payment of the claim. *See* 11 U.S.C. § 726(a)(2)(C). "The purpose of § 726(a)(2)(C) is 'to permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case. Though it is in the interest of the estate to encourage timely filing, when tardy filing is not the result of a failure to act by the creditor, the normal subordination penalty [of § 726(a)(3)] should not apply.'" *In re Jemal*, 496 B.R. 697, 702 (Bankr. E.D.N.Y. 2013) (quoting H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 383 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6339). The treatment of "late-filed" claims where a creditor did not have sufficient notice in cases under other Chapters of the Bankruptcy Code is different, but § 726(a)(2)(C) directly addresses this circumstance in cases under Chapter 7.

The unrebutted affidavits submitted by the Sim/Sekelsky Creditors establish that they did not receive notice of the Debtor's bankruptcy case until March 24, 2020. *See* 2nd Calabrese Aff. ¶¶ 11, 13; Aff. of Danny Sekelsky ¶ 12; Aff. of Jacqueline Sekelsky ¶ 12; Aff. of Mandy Sim ¶ 12; Aff. of Malcolm Sim ¶ 12. The Court's docket reflects that no distribution has yet been made in this case that would prevent payment of a distribution to the Proposed Claim.[3] As such, the two requirements set forth in § 726(a)(2)(C) have been established by a preponderance of the evidence.

---

[3] It is not necessary under § 726(a)(2)(C) for the Sim/Sekelsky Creditors to request leave to file a late claim. The Sim/Sekelsky Creditors filed the Proposed Claim as an exhibit to the Motion. The Court directs that the Sim/Sekelsky Creditors promptly file the Proposed Claim on the claims register maintained for this case.

6

The objecting parties further argue that the Proposed Claim of the Sim/Sekelsky Creditors should be subordinate to other general unsecured claims because of prejudice that would be caused by the late filing of the Proposed Claim given the delay between the date that the Sim/Sekelsky Creditors received notice of the Debtor's case and the date that the Motion was filed. The Sim/Sekelsky Creditors do not directly address the reason for their delay in filing the Motion. The argument of the objecting creditors primarily relies on the doctrine of laches. *See* LaPlante/Race Obj. ¶ 16.

The doctrine of laches as an equity principle that will not allow "a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant." *Russel v. Todd*, 309 U.S. 280, 287 (1940). Some courts have noted that the bankruptcy court is a court of equity, and equitable principles can apply in bankruptcy proceedings. *See, generally, Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990) ("[d]ue process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file [a claim] tardily when the creditor does so promptly after learning of the bankruptcy"). While that may be true as a general premise, there is a significant issue as to whether the doctrine of laches can be applied to a late filed claim entitled to a distribution with the priority afforded by § 726(a)(2)(C). Courts have held that the doctrine of laches may not be applied to claims asserted within an applicable statute of limitations. *See United States v. Mack,* 295 U.S. 480, 489 (1935) ("Laches is not a defense to an action filed within the applicable statute of limitations"); *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC,* 137 S. Ct. 954, 960 (2017) (holding that where Congress has enacted an applicable statute of limitations, the doctrine of laches cannot bar legal relief).

7

Section 726(a)(2)(C) provides that a creditor who files its claim late shall receive distribution if that creditor did not receive notice or have actual knowledge of the case in time to file a claim by the bar date and filed a proof of claim "in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C). The requirement that the claim would need to be filed "in time to permit payment of such claim," *Id*. at § 726(a)(2)(C)(ii), "constitutes the statutory deadline for such creditor to file a proof of claim," *In re Jemal*, 496 B.R. at 703. This statutory deadline is equivalent to a statute of limitation. One court opined that Rule 3002 does not provide a deadline for creditors to file late proof of claim because doing so would conflict with § 726(a)(2)(C). *See Columbia Ribbon & Carbon Mfg. Co.*, 54 B.R. 714, 718 (Bankr. S.D.N.Y. 1985) (citing the advisory committee note to Rule 3002, which states that "[r]eference must also be made to § 726(a)(2)(C) and (3) which permits distribution on late filed claims," and viewing as intentional "the absence of any provision in Rule 3002(c) governing no-notice claims, and the placement of the no-notice creditor provision in a section of the Code providing for distribution … apparently because Code § 726(a)(2)(C) was either viewed as a statute of limitation or as a matter of substantive law"). Particularly in a Chapter 7 case, separation of powers principles suggest that a federal court has no authority to apply the doctrine of laches to bar a claim permissible under a federal statutory scheme. *See N. Dakota v. Bala (In re Racings Services, Inc.),* 619 B.R. 681, 687-88 (B.A.P. 8th Cir. 2020) (holding, in case involving claim subject to § 726(a)(3), that "laches is not available as a matter of law to tardily-filed claims in a Chapter 7 case as long as they are filed in time to permit distribution under § 726(a)"). While laches may apply to late claims filed in cases filed under other Chapters of the Bankruptcy Code where excusable neglect is the applicable standard, the applicability of that doctrine to claims to which § 726(a)(2)(C) applies is

8

questionable. *Compare Indian Motorcycle Assocs., Inc. v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.),* 157 B.R. 532, 538-39 (S.D.N.Y. 1993) (applying laches to bar a late-filed claim in a Chapter 11 case).

In this case, even if the Court determined that it could apply laches to the claim of the Sim/Sekelsky Creditors, the facts do not support application of that equitable remedy. No party asserts that the Sim/Sekelsky Creditors engaged in any inequitable conduct. The objecting creditors focus on the prejudice to them if the Proposed Claim is allowed and receives a distribution with equal priority to allowed general unsecured claims. The mere fact that the dividend will decrease does not support a claim of harm based on laches, particularly where § 726(a)(2)(C) expressly provides for such a result. When addressing "prejudice" in other contexts involving late filed claims, courts have recognized that prejudice does not arise simply because the dividend will be reduced by including another creditor. *See, e.g., In Re Premier Membership Services, LLC*, 276 B.R. 709, 714-715 (Bankr. S.D. Fla. 2002) (suggesting that dilution of recovery to other creditors is almost never a legitimate prejudice that would preclude a late-filed claim, as every late claim necessarily reduces recoveries to other creditors).

The supplemental pleadings and affidavits filed by LaPlante/Race Creditors and the Nehra Creditors provide detailed and thoughtful analyses in support of their assertion that they will be prejudiced. While the Nehra Creditors do not provide evidence of specific economic harm by the delay between March 24, 2020 (the date the Sim/Sekelsky Creditors received notice of the bankruptcy) and July 10, 2020 (the date the Motion was filed), the LaPlante/Race Creditors did provide such evidence. They assert that they would not have authorized their counsel to take actions that resulted in $14,028 in legal fees had they known that the potential distribution would be diluted. The LaPlante/Race Creditors incurred fees knowing that they

9

were expending legal fees to recover fractional dollars, even if the late claim of the Sim/Sekelsky Creditors was not known.[4] It is also likely that some of those fees would have been incurred even if the LaPlante/Race Creditors were aware of the Proposed Claim. Unfortunately, there is always a risk inherent in a Chapter 7 case that late filed claims may be filed that are entitled to a distribution under § 726(a)(2)(C), and the objecting creditors are charged with knowledge that of that risk. A decision to incur legal fees in pursuit of a recovery on unsecured claims in a Chapter 7 must be assumed to have considered that risk.

For the reasons above, the Motion, as construed, is GRANTED in part. The Sim/Sekelsky Creditors do not require an extension of time to file their proof of claim and the Court does not reach whether Rule 3002(c)(6) is applicable. To the extent allowed under §§ 501 and 502, and provided that the Sim/Sekelsky Creditors file their Proposed Claim in time to permit payment of the claim, the claim of the Sim/Sekelsky Creditors shall be entitled to a distribution *pari passu* with timely filed general unsecured claims pursuant to § 726(a)(2)(C).

Dated: May 3, 2021

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

---

[4] Unfortunately for both the LaPlante/Race Creditors and the Nehra Creditor, claims for substantial contribution may only be asserted in cases under Chapters 9 and 11. 11 USC § 503(b)(3)(D) and (b)(4).